UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DONNELL SMITH, on Behalf of Himself and on Behalf of All Others Similarly Situated,** § § § § § § § § § § § § | **CIVIL ACTION NO. 5:20-cv-10932**<br><br>**HON: _____** |
| **Plaintiff,** | |
| **V.** | |
| **SAC WIRELESS, LLC,** | |
| **Defendant.** | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

1. Defendant SAC Wireless, LLC ("Defendant") required Plaintiff Donnell Smith ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendant misclassified Plaintiff and other similarly situated workers as independent contractors instead of as employees. By misclassifying them as independent contractors, Defendant illegally denied Plaintiff and the proposed Class Members compensation at time and one half their regular rates of pay for all hours worked over 40 in a workweek.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.	Venue is proper in this District because Defendant does a significant portion of its business in this District. Further, Plaintiff worked in this District and was illegally denied overtime wages in this District.

## PARTIES AND PERSONAL JURISDICTION

5.	Plaintiff Donnell Smith is an individual residing in Flint, Michigan. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6.	The Class Members are all current and former field technicians who were paid on a piece rate and/or hourly rate basis and were classified as independent contractors by Defendant at any time during the three-year period before the filing of this Complaint.

7.	Defendant SAC Wireless, LLC is a limited liability company with its headquarters in Illinois. Said Defendant can be served with process by serving its registered agent, the Illinois Service Company, at 801 Adlai Stevenson Drive in Springfield, IL 62703.

## COVERAGE

8.	At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9.	At all material times, Defendant has been an employer within the meaning of N.M. STAT. ANN. § 50-4-21(B).

10.	At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

11.	At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

13. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

## FACTS

14. Defendant is a telecommunications company that helps design, build, and upgrade cellular networks. Defendant's website describes its services as follows: " SAC works with telecom carriers, major tower owners, and original equipment manufacturers (OEMs) across the United States. We bring more than two decades of experience to help our customers design, build and upgrade cellular networks. By choosing us to build their networks, customers have made SAC the #1 turnkey network construction company in the United States. SAC wireless is a wholly-owned, independently-operating Nokia company." (*See* https://sacw.com/about-us/, last visited April 7, 2020).

15. To perform its services, Defendant utilized manual laborers, known as field technicians, to perform work on cellular towers and at cellular sites.

16. Defendant classified these field technicians as independent contractors.

17. Defendant used these field technicians across the country, including in Arizona, Illinois, New York, California, Michigan, Louisiana, Georgia, Florida, Pennsylvania, and Texas.

18. Plaintiff performed work for Defendant as a field technician from approximately August 2017 to July 2018 in Michigan.

19. Plaintiff performed various services at cellular sites, including installing and connecting cables and equipment.

20. Plaintiff regularly worked outdoors, exposed to the elements. He used hand tools, such as cable cutters, screwdrivers, pliers, wrenches, crimpers, and ladders. He was required to wear a hard hat, safety shoes, and safety glasses while on the job sites.

21. Further, Plaintiff was required to follow Defendant's policies and procedures, including Defendant's methods of procedure (MOPs) when performing his work.

22. Plaintiff was paid on piece rate basis depending upon the type of work performed at the cellular sites and on an hourly rate basis.

23. Plaintiff was classified by Defendant as an independent contractor.

24. Likewise, the Class Members were also field technicians who performed work for Defendant at various cellular sites.

25. The Class Members were also classified as independent contractors.

26. The Plaintiff and Class Members were not independent contractors but were employees.

27. The Plaintiff and Class Members were paid on a piece rate basis and/or hourly rate of pay basis.

28. The Plaintiff and Class Members performed manual labor tasks at cellular sites, such as installing and connecting cables and equipment.

29. Plaintiff regularly worked over 40 hours each week.

30. However, when Plaintiff worked more than 40 hours, he was not paid any overtime wages for those hours worked in excess of 40.

31. Like Plaintiff, the Class Members regularly worked more than 40 hours each week and were not paid overtime wages for those hours worked in excess of 40 in a workweek.

32. Given that they were misclassified as independent contractors, they were denied overtime pay.

33. The Class Members performed similar duties as the Plaintiff.

34. The Class Members worked across the US, including in Arizona, Illinois, New York, California, Michigan, Louisiana, Georgia, Florida, Pennsylvania, and Texas.

35. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the Class Members.

36. In addition, Defendant instructed Plaintiff and the Class Members about when, where, and how they were to perform their work.

37. Specifically, Defendant assigned Plaintiff and the Class Members the work to perform at each cellular site. Instructed Plaintiff and the Class Members where to perform their work and gave them the equipment to perform their work at the cellular sites.

38. Before being hired, Defendant performed a background check on the Plaintiff and Class Members. Plaintiff and the Class Members had to be approved by Defendant before they could work at the cellular sites.

39. After being hired, Plaintiff and the Class Members underwent an orientation and onboarding with Defendant.

40. Moreover, the following conduct demonstrates that Defendant acted as an employer with respect to Plaintiff and the Class Members:

    a. Plaintiff and the Class Members were paid on a piece rate basis and/or by the hour;

    b. The amounts paid to the Plaintiff and Class Members were set by Defendant and was not negotiated by the Plaintiff or Class Members;

c. Defendant required Plaintiff and the Class Members to report to their assigned job site at a set time;

d. Defendant required Plaintiff and the Class Members to request time off in advance and have that time away from work pre-approved;

e. Defendant required Plaintiff and the Class Members to use specific procedures when performing their work, such as MOPs when performing their tasks at the cellular sites;

f. Defendant set forth the required procedures to be followed and the order and manner in which Plaintiff and the Class Members were to perform their work;

g. Plaintiff and the Class Members faced termination if they failed to perform their work in the manner required by Defendant;

h. Plaintiff and the Class Members worked a substantial number of hours per week and did not work for any other company during the time period they worked for Defendant;

i. Plaintiff's and the Class Members' services were integrated into Defendant's operations;

j. Plaintiff and the Class Members constituted the workforce without which Defendant could not perform its services;

k. Plaintiff and the Class Members worked for Defendant for long periods of time as is common with employees; and

l. Defendant maintained the right to discharge Plaintiff and the Class Members at any time.

41. Furthermore, the degree of investment Plaintiff and the Class Members made to perform their work pales in comparison to the expenses Defendant incurred. Defendant invested in significant resources, including owning cellular equipment, laptops, mobile phones, offices, employees, website, marketing costs and other significant costs. Moreover, Defendant provided to Plaintiff and the Class Members the tools and equipment for them to perform their work. Defendant provided to Plaintiff and the Class Members a laptop, mobile phone, reimbursed them for mileage and hotel rooms, provided a per diem, and Defendant paid for all equipment that was to be installed at the cellular sites.

42. Further, Plaintiff and the Class Members performed work that was integral to the operations of Defendant. Indeed, Defendant offers telecommunication services to its customers and the Plaintiff and Class Members were the workers who performed those services.

43. Moreover, Defendant supervised and controlled the activities of Plaintiff and the Class Members. Defendant monitored their work, reviewed their work, issued instructions, and directed their work in the manner deemed sufficient by Defendant.

44. Despite these facts, Defendant improperly classified Plaintiff and the Class Members as independent contractors and not as employees.

45. Defendant misclassified the Plaintiff and Class Members as independent contractors to avoid their obligations to pay these employees overtime.

46. However, at all times, Plaintiff and the Class Members were employees of Defendant.

47. Although Plaintiff and the Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA and New Mexico mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

48. No exemption applies to Plaintiff or the Class Members.

49. Defendant's method of paying Plaintiff and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Defendant knew the requirement to pay overtime to their employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendant's violations were willful.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

50. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

51. Defendant's practice of failing to pay Plaintiff and the FLSA Class Members time-and-one-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

52. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff/Class Members.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

54. Plaintiff has actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its field technician workforce.

55. Plaintiff's knowledge is based on his personal work experience and through communications with other field technicians working for Defendant.

56. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek because Defendant misclassified them as independent contractors.

57. Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

58. Defendant has classified and continues to classify the FLSA Class Members as independent contractors.

59. The FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendant.

60. The FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

61. As such, the FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

62. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

63. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

64. The specific job titles or precise job responsibilities of each FLSA Class Member do not prevent collective treatment.

65. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

66. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

67. As such, the class of similarly situated workers is properly defined as follows:

> All current and former field technicians who were paid on an hourly rate basis and/or piece rate basis and were classified as independent contractors by Defendant at any time during the three-year period before the filing of this Complaint.

## JURY TRIAL DEMAND

68. Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

69. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all FLSA Class Members;

   b. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

   c. An order awarding attorneys' fees, costs, and expenses;

   d. Pre- and post-judgment interest at the highest applicable rates; and

   e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By: */s/ Don J. Foty*
Don J. Foty
DFoty@hftrialfirm.com
Texas State Bar No. 24050022
4409 Montrose Blvd, Ste. 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

AND

By: /s/ *Anthony Lazzaro*
Anthony J. Lazzaro
Ohio Bar No. 0077962
(Will seek admission)
THE LAZZARO LAW FIRM, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolaw.com

AND

By: /s/ *Jennifer L. McManus*
Jennifer L. McManus (965976)
Local Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI 48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com

ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS