UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELL SMITH, on behalf of
herself and all others similarly
situated,

        Plaintiffs,                     Civil Case No. 20-10932
                                           Honorable Linda V. Parker

v.

SAC WIRELESS, LLC,

        Defendant.
_____/

## OPINION AND ORDER GRANTING FINAL APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT

On April 14, 2020, Donnell Smith brought this lawsuit under the Fair Labor Standards Act ("FLSA") on behalf of himself and other employees who worked as field technicians for SAC Wireless ("SAC"). Smith claims that SAC failed to comply with the FLSA's overtime pay requirements. (ECF No. 1.) Nine additional individuals ("Opt-in Plaintiffs" and collectively with Smith, "Plaintiffs") have signed a form consenting to join this collective action. (*See* ECF No. 6.) The parties have settled the dispute and now move for the final approval of their "Confidential Settlement Agreement and Release of Claims" ("Settlement Agreement"). (ECF No. 33.)

The Court held a hearing with respect to the parties' motion on May 26, 2022. For the reasons discussed below, the Court is granting final approval of the settlement.

## Background

From August 2017 to July 2018, Smith was employed by SAC as a field technician in Michigan. (Compl. ¶ 18, ECF No. 1 at Pg ID 3.) As a field technician, he "performed various services at cellular sites, including installing and connecting cables and equipment." (*Id.* ¶ 19.) He frequently worked more than 40 hours per week but was not paid overtime. (*Id.* ¶¶ 29-30, Pg ID 4.) SAC classified Smith as an independent contractor exempt from FLSA protections. (*Id.* ¶ 32, Pg ID 5.)

Smith brought this putative collective action on behalf of himself and other field technicians who worked for SAC. (*Id.* ¶ 54, Pg ID 8.) SAC filed an Answer to the Complaint on June 18, 2020. (ECF No. 12.) A Scheduling Order was entered on June 23, 2020, setting a February 19, 2021 deadline for discovery and an April 5, 2021 deadline for dispositive motions. (ECF No. 17.) During discovery, the parties exchanged "pay records, expense records, emails, hiring documents, and training records during the relevant time period covered by this lawsuit." (ECF No. 33 at Pg ID 151.) In addition, third-party companies that hired field technicians for SAC produced the same records. (*Id.*) The parties used the

records to calculate SAC's potential exposure if the Plaintiffs were successful in their claims.  The parties also engaged in settlement negotiations between February 2021 and October 2021.

They ultimately reached a resolution that allows SAC to pay a total settlement amount for Plaintiffs to release their claims.  (*See* Settlement Agreement ¶ 11, ECF No. 33-1 at Pg ID 178.)  The Settlement Amount, Smith's service award, and Attorney's Fees and Costs is redacted in the proposed agreement.  (*Id.* ¶¶ 11, 13, 14, Pg ID 178-79.)  The agreement provides that within 30 days of the Court's approval and Smith's execution of the agreement, SAC will deliver to Plaintiffs' counsel the settlement checks along with payments for the service awards and attorneys' fees and costs.  (*Id.* ¶¶ 12, 14.)  Plaintiffs' counsel will then send the checks with the proposed Settlement Notice to the Plaintiffs within seven calendar days.  (*Id.* ¶ 12, Pg ID 179.)  The notice advises Plaintiffs that by "negotiating" the settlement check, they will provide SAC with a release of their overtime misclassification wage and hour claims under the FLSA and applicable state wage and hour laws. (Notice, ECF No. 33-1 at Pg ID 188-90.)  The proposed settlement agreement and the notice each contain a confidentiality provision requiring Plaintiffs to keep the amounts paid confidential.  (Settlement Agreement ¶ 21, ECF No. 33-1 at Pg ID 181; Notice, ECF No. 33-1 at Pg ID 189.)

3

## Applicable Law

When reviewing a proposed FLSA settlement, the court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. There are several factors courts consider in making this determination:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

Courts also find the inclusion of a confidentiality provision relevant to deciding whether an agreement settling FLSA claims is fair and reasonable. Some courts conclude that a confidentiality provision is contrary to the FLSA's purpose and the presumption of public access to any judicial document. *See Steele*, 172 F. Supp. 3d at 1030-31 (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1169 (6th Cir. 1983); *Guareno v. Vincent Perito, Inc.*, No. 14cv1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014)). As the district court stated in *Steele*: "A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Id*. at 1031

(quoting *Dees*, 706 F. Supp. 2d at 1242). One of the FLSA's goals is "to ensure that all workers are aware of their rights." *Guareno*, 2014 WL 4953746, at *1 (citing *Dees*, 706 F. Supp. 2d at 1242). It is for those reasons that several courts within the Sixth Circuit have declined to approve an FLSA settlement agreement with a confidentiality provision. *Whitehead v. Garda CL Central, Inc.*, No. 3:20-cv-736, 2021 WL 4270121, at *2 (W.D. Ky. Sept. 20, 2021) (citing cases); *but see Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, (E.D. Mich. 2021) (recognizing that courts generally require FLSA settlement agreements to be a public record but allowing agreement to be filed with redacted amounts as "the issue of confidentiality was seen as a lynchpin of [the parties'] bargain during negotiations."). If the parties want the court to approve a settlement agreement with a confidentiality provision, it is their burden "to articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *Alewel v. Dex One Serv., Inc.*, No. 13-2312, 2013 WL 6858504, at *4 (D. Kan. Dec. 30, 2013) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

Finally, where the agreement includes the payment of attorney's fees, the court must assess the reasonableness of that amount. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (citing cases finding judicial review of the fee award necessary). "[T]he Court must carefully scrutinize the settlement

5

and the circumstances in which it was reached, if only to ensure that 'the interest of [the] plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients.'" *Id.* (quoting *Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997)).

## Analysis

### A. Presence of a bona fide dispute

As the parties indicate, there are bona fide disputes as to whether (i) field technicians were exempt from the FLSA's overtime requirements, (ii) SAC acted willfully, and (iii) the validity of SAC's good faith and reasonableness defenses. (ECF No. 33 at Pg ID 155-56.)  In sum, the parties contest whether Plaintiffs are entitled to any recovery and whether SAC acted willfully which would entitle Plaintiffs to three years of recovery rather than two.  *See* 29 U.S.C § 255 (The FLSA establishes a general two-year statute of limitations, but the limitations period is extended to three years for "willful" violations.)  As such, the proposed settlement is the product of contested litigation.

### B. Evaluation of Proposed Settlement Agreement

For the reasons set forth in the parties' joint motion, the relevant factors set forth in *UAW*, 497 F.3d at 631, weigh in favor of the Court's approval of the Settlement Agreement.  With respect to the first factor concerning the risk of fraud or collusion, the parties are represented by counsel with extensive experience

litigating wage and hour class action lawsuits. (ECF No. 33 at Pg ID 158.) Further, the parties reached their settlement following months of negotiation; therefore, the Court concludes that the settlement is the product of arms-length bargaining after class counsel conducted a thorough investigation of the facts. (*Id*.)

Regarding the second and third factors, the parties provide convincing arguments to show that the settlement will avoid complex, expensive, and perhaps protracted litigation (*id*. at Pg ID 158-59), and that counsel engaged in sufficient discovery to calculate the risks involved in continued litigation (*id*. at Pg ID 159).

With respect to the fourth factor, the risk of establishing liability and damages further weighs in favor of final approval. Both parties face risks if the Court does not approve settlement because as stated, there are bona fide disputes. (*Id*. at Pg ID 160.) The resolution of this dispute creates risks either to Plaintiffs' potential award or SAC's potential exposure.

The Court next turns to the fifth and sixth factor, the opinions of class counsel and class representative as well as the reaction of absent class members. Counsel for the parties and Smith themselves are of the opinion that the settlement is a fair and reasonable resolution. (*Id*. at Pg ID 161.) There are no absent class members, as this is an opt-in case. (*Id*.)

With respect to the seventh factor, public interest favors settlement. The Sixth Circuit has recognized that "the law generally favors and encourages the

settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). Therefore, when considering these factors, the courts apply a "strong presumption" in favor of finding a settlement to be fair. *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1008 (S.D. Ohio 2001) ("Being a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement."); see also *Bautista v. Twin Lakes Farms, Inc.*, 2007 WL 329162, at *5 (W.D. Mich. Jan. 31, 2007). The parties submit that the public interest weighs in favor of settlement because the settlement fairly and reasonably compensates Plaintiffs for their claimed overtime work. (ECF No. 33 at Pg ID 78.)

Courts additionally have considered the plaintiffs' range of possible recovery as a relevant factor in determining whether a proposed FLSA settlement is fair and reasonable. *Wolinsky*, 900 F. Supp. 2d at 335; *see also Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010). The settlement allocation awards Plaintiffs direct cash payments of "almost 81% of the alleged owed overtime wages on the three-year period or 182% of the alleged overtime wages over the two-year period." (*Id.* at Pg ID 167.) As represented by counsel at the hearing, after fees and costs this represents approximately 115% of the alleged overtime wages over the two-year period. This is fair and reasonable and greatly exceeds the typical 7-11% recovery in FLSA cases. *See, e.g., Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1609, 2010 WL 776933, at *8 (N.D. Ohio

8

Mar. 8, 2010) (citing Frederick C. Dunbar, Todd S. Foster, Vinita M. Juenja, Denise N. Martin, Recent Trends III: What Explains Settlements in Shareholder Class Actions? (National Economic Research Assocs. (NERA) June 1995)).

**C. Plaintiffs' attorneys' fees and costs and Smith's Service Award**

The Court also approves the parties' proposed settlement with respect to attorneys' fees and costs. Of primary concern is that an attorney fee award be reasonable. *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014). "Trial courts within the Sixth Circuit have discretion to calculate an award of attorneys' fees by using either (1) a percentage of the fund calculation, or (2) a lodestar/multiplier approach." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 532 (E.D. Mich. 2003) (citing *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516–17 (6th Cir. 1993)). The request for attorneys' fees is based on the percentage of the fund method with counsel requesting one-third of the settlement. (*Id*. at Pg ID 166.) Additionally, Plaintiffs' counsel seeks reimbursement for litigation costs of $3,971.09. (ECF No. 33 at Pg ID 172; Decl. Don Foty, ECF No. 33-2))

The Sixth Circuit considers the following six factors when evaluating fee awards:

> 1) the value of the benefits rendered to the [class], 2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, 3) whether the services were undertaken on a contingent fee basis, 4) the value of the services on an hourly basis, 5) the complexity of the litigation, and 6) the professional skill and standing of counsel on both

9

sides.

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974) (citations omitted); *see also Smith v. Loc. Cantina, LLC*, No. 2:20-CV-03064, 2022 WL 1183325, at *5 (S.D. Ohio Apr. 19, 2022).

The Court has already determined that Plaintiffs' range of possible recovery is significant and a valuable benefit to Plaintiffs. Regarding the second factor, the parties submit that "[t]his factor supports awarding the requested fees to encourage qualified attorneys to represent employees in claims for unpaid wages." (ECF No. 33 at Pg ID 168-69.) The Court agrees that society could be benefited by this incentive. Plaintiffs' counsel undertook representation of the class on a contingent basis. (*Id*. at Pg ID 169.) This factor weighs in favor of the reasonableness of attorney's fees as there was no guarantee of payment to counsel. Regarding the fourth *Ramey* factor, also known as the "lodestar cross-check" the parties submit "total lodestar fees are in excess of the total fees that are sought." (*Id*. at Pg ID 170; *see also* Decl. Don Fothy, ECF No. 33-2 at Pg ID 201.) Regarding the factors of the complexity of litigation and professional skill of counsel, Plaintiffs' Counsel spent a significant amount of time: drafting pleadings and motion responses; engaging in written discovery; analyzing each Plaintiff's pay records; meeting and conferring with SAC's counsel; negotiating the proposed Settlement Agreement; and filing this Motion. In considering all these factors, the Court finds that the fee

10

and expense award is fair, reasonable, and appropriate to compensate Plaintiffs' Counsel.

Finally, the parties request a nominal service award for Smith, which counsel explained at the hearing amounts to a recovery of approximately 1.3% of the settled award. This service award is reasonable given Smith's service and willingness to avail himself as the named Plaintiff "in a lawsuit against a company in the industry where he has worked for years." (ECF No. 33 at Pg ID 164-65.)

**D. Confidentiality**

Finally, the Court approves the Settlement Agreement despite the inclusion of a confidentiality provision requiring Plaintiffs to keep the amounts paid confidential. (*See* Settlement Agreement ¶ 21, ECF No. 33-1 at Pg ID 181; Notice, ECF No. 33-1 at Pg ID 189.) Publishing the agreement on the docket and redacting only the specific settlement amounts strikes a balance between SAC's interests and the desire to inform future workers of their rights under the FLSA and the potential for recovery when those rights are violated. *See Scobey v. Gen. Motors, LLC*, No. 20-12098, 2021 WL 5040312, at *4 (citing *Anthan v. U.S. Steel Corp.*, 523 F. Supp. 960, 968 (E.D. Mich. 2021)).

## Conclusion

For the reasons stated, the Court is **GRANTING** the Joint Motion for Order Approving Fair Labor Standards Act Settlement (ECF No. 33) and **ORDERS** as follows:

1. The settlement in this FLSA action is a fair and reasonable resolution of a bona fide dispute. The terms of the Parties' Settlement Agreement are incorporated herein.

2. The Court also approves the Parties' proposed Settlement Notice and plan for distributing the Notice and Settlement Checks.

3. The service award to Smith and settlement awards to all Plaintiffs including Smith, are approved as set forth in the Settlement Agreement.

4. Plaintiffs' counsel's requests for attorneys' fees and litigation expenses under the Settlement Agreement are fair and reasonable and are granted.

5. Without affecting the finality of this Order, the Court retains jurisdiction over this action to supervise the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement.

6. This action is hereby dismissed with prejudice as against SAC and without attorney's fees or costs to any party except as provided in this Order.

7. The parties shall abide by all Settlement Agreement terms, which are

incorporated herein, and this Order.

**IT IS SO ORDERED.**

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: May 31, 2022